This civilian pay case comes before us on respondent’s motion to dismiss for failure to appeal the decision of the Merit Systems Protection Board (board) within 30 days of its decision, as required by Rule 172(a) and 5 U.S.C. § 7703(b)(1) (Supp. Ill 1979). We reluctantly grant the motion and dismiss the petition.
The unusual procedural history of this case is as follows. On October 21, 1981, this court received petitioner’s handwritten pro se petition for review of the decision in mspb Docket No. DE831L8010170, entered April 20, 1981. The appeal was docketed here on October 21, 1981, and it was the first filing in the case. The petition was thus clearly out of time (180 days after the board decision) and so beyond our jurisdiction. Coleman v. Department of the Army, 227 Ct.Cl. 536 (1981). This is the crux of respondent’s motion to dismiss.
*828 In responding to the motion to dismiss, petitioner submitted three documents of great interest. Petitioner claims to have received them from his attorney, who from the record appears to be a member of the Maryland State Bar, and, having examined the documents, we have no reason to doubt that petitioner came by them as he stated. The documents (or their originals) are on attorneys’ letterhead and other stationery and typed in a form that this petitioner would not have been able to imitate.
The first document is a copy of a Petition for Review to this court. It contains the language recommended by our rules and a certificate of service, signed by attorney for petitioner. The original (of which petitioner submitted a copy), however, has some peculiarities. The docket number has been typed in, as has been the date of filing. In the first place, the purported docket number is the board’s docket number (and itself contains an error), not the court’s number. In the second place, dates of filing and docket numbers are not established in this court until a petition has actually been filed and docketed; hence, they cannot be entered on the original petition prior to filing with the clerk of court. And, of course, the docket number and date entered on the document are wrong — the correct number is App. 71-81 and the first filing was in October — so the document cannot purport to be a copy of one that was filed. In short, the petition of which petitioner received a copy was never filed.
The second document is the original of a letter to petitioner from his attorney, advising petitioner to find new counsel because petitioner was delinquent in responding to counsel’s calls and in attending a meeting with counsel. The letter, bearing date of July 22,1981, said in part:
As I previously advised you I filed an Appeal in your case to the United States Court of Claims in the District of Columbia on May 21,1981. * * *
*****
* * * I will be filing a Motion with the Court of Claims to have my appearance withdrawn from the Court records.
*829 This, too, is inaccurate in that (1) nothing was filed on May 21, 1981, and (2) the attorney’s name nowhere appears in any court records to be withdrawn. Furthermore, given the facts that the attorney was not and is not a member of the bar of this court and that on July 22d, 2 months after the petition was supposedly filed, the attorney had received no confirmation from the clerk’s office or responsive pleading, it is hard to see what basis the attorney had for these statements.
The third document is a copy of a Motion to Withdraw Appearance, bearing the date (on the certificate of service) July 23, 1981. It also lists the docket number as the board number (mis-typed as before) and repeats the filing date as May 21, 1981. Obviously, had the petition actually been filed in May and the motion written in July, the motion would bear a Court of Claims docket number. Also, there is a patent conflict between the filing date (May 21, 1981) and the certificate of service (July 23, 1981) and letter (July 22, 1981). This motion also was not filed in the court in either May or July.
We are perplexed and disturbed by the import of these documents. If they are what they seem to be, then petitioner has been misled both as to his attorney’s authority to practice before the Court of Claims and as to his attorney’s diligence in pursuing petitioner’s claims and protecting petitioner’s rights.
On this record no conclusion seems possible other than that petitioner failed to file in time. As the limitations period is jurisdictional, we cannot waive it regardless of the reason for the failure. We have no alternative but to dismiss.
it is therefore ordered, after careful consideration of the parties’ submissions and without oral argument, that respondent’s motion to dismiss is granted and the petition for review is dismissed.